THOMAS H. MIMANDE *et ux. vs.* PASQUALE MARINO *et ux.*

DECEMBER 15, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J.   This is a bill in equity by the owners of a three-tenement house on Constitution street in the city of Providence for the specific performance of an agreement of sale of those premises.   The respondents in their answer in the nature of a cross bill allege that they were induced to enter into such agreement through the fraudulent misrepresentations of complainants' agent, in that he falsely represented that the lot in question was 40 by 80 feet, or 3,200 square feet in area, whereas in truth and in fact it was much smaller.   After a hearing in the superior court on bill, answer, replication and proof, a final decree was entered granting the prayer of the bill, whereupon the respondents duly appealed to this court alleging as grounds therefor that the decree was against the law and the evidence.

The narrow issue before us requires no extended review of the evidence which is substantially as follows.   Complainants' agent testified that following certain preliminary inquiries and negotiations the respondents came to his office and, after offering a lower price for the property, finally agreed to buy it for $6000; that they then gave him $100 as a deposit on that sale price, whereupon he drew the written agreement involved in this cause; that the respondents read the agreement before they signed it; that he made no representations as to the size and area of the lot; and that the boundaries of the land were obvious as the property was enclosed by fences on both sides and in the rear.

The complainant Thomas H. Mimande testified that a day or so before the respondents signed the agreement at the agent's office they had inspected the house and lot in his presence; that they were then distinctly told by him that the fence, about five feet from the back of the house, was the rear boundary of the land; and that the only criticism of the property that they made in the course of that inspection was that one of the rooms was rather dark.

The substance of the testimony of both respondents was that they refused to complete the transaction because

complainants' agent represented to them that the lot measured 40 by 80 feet, whereas it was much smaller; and further that they made the deposit of $100 and signed the agreement without inspecting the premises upon the agent's representation that unless they signed the agreement at the time another party was ready to buy the property. The complainants' agent in rebuttal denied such representation. Referring more particularly to the testimony of the respondent Edith R. Marino, she finally testified that she "didn't care for the house. I didn't look at the lot very good. I didn't bother looking at the yard."

The determinative issue in this cause was one of fact and not of law. In view of the conflicting and irreconcilable evidence of record with reference to the written agreement, the credibility of the witnesses was of controlling force. The trial justice, who had the opportunity of observing them while testifying, left no doubt as to his appraisal of the respondents' credibility in the circumstances. In his decision from the bench granting the prayer of the bill he said: "It doesn't seem to me very likely that they would agree to buy property and make a deposit on the purchase price unless they had some pretty good idea what they were buying. * * * I am convicted they knew more about the property at the time they put their names on this agreement and parted with the $100 than they have been willing to tell us here in court." His conclusion on the facts therefore was that for some undisclosed reason the respondents had changed their minds and without just cause had refused to carry out the agreement.

The rule is well established that on an appeal in equity where the evidence is conflicting the findings of fact by the trial justice are entitled to great weight and will not be set aside unless they are clearly wrong. Our examination of the evidence does not warrant such a conclusion. In the absence of any claim that the trial justice misconceived the evidence or failed to consider any material part thereof, we cannot say that he was clearly wrong in

rejecting respondents' testimony to the extent above indicated. It therefore becomes unnecessary to discuss the law that would have applied under different circumstances.

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Edward W. Bradford,* for complainants.

*John H. Di Stefano, Joseph A. Bevilacqua,* for respondents.